UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAUNCEY T. GIRARD,

        Plaintiff,

   -against-

ERIC GUTWEIN, *et al.*,

        Defendants.

20-CV-5883 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

  Plaintiff, currently incarcerated at Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging claims of physical and sexual assault, denial of medical attention, and denial of due process during a disciplinary hearing. By order dated September 14, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

**A. Order of Service**

  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Sergeant Michel Blot, Sergeant Chauntel Elmore, Correction Officer Frank Polito, Correction Officer Elvis Rios, Correction Officer Tina Tomas, Dr. Edwin Uzu, Superintendent Jamie Lamanna, and Hearing Officer Eric Gutwein through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Sergeant Michel Blot, Sergeant Chauntel Elmore, Correction Officer Frank Polito, Correction Officer Elvis Rios, Correction Officer Tina Tomas, Dr. Edwin Uzu, Superintendent Jamie Lamanna, and Hearing Officer Eric Gutwein and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated:   October 22, 2020
         White Plains, New York

*Cathy Seibel*

CATHY SEIBEL
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. Sergeant Michel Blot
   Green Haven Correctional Facility
   594 St. 216
   Stormville, NY 12582-0010

2. Sergeant Chauntel Elmore
   Green Haven Correctional Facility
   594 St. 216
   Stormville, NY 12582-0010

3. Correction Officer Frank Polito
   Green Haven Correctional Facility
   594 St. 216
   Stormville, NY 12582-0010

4. Correction Officer Elvis Rios
   Green Haven Correctional Facility
   594 St. 216
   Stormville, NY 12582-0010

5. Correction Officer Tina Tomas
   Green Haven Correctional Facility
   594 St. 216
   Stormville, NY 12582-0010

6. Dr. Edwin Uzu
   Green Haven Correctional Facility
   594 St. 216
   Stormville, NY 12582-0010

7. Eric Gutwein
   Hearing Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

8. Superintendent Jaime Lamanna
   Former Superintendent of Green Haven Correctional Facility
   NYSDOCCS
   1220 Washington Ave., Building 2
   Albany, New York 12226-2050