UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHAUCEY GIRARD,

                        Plaintiff,

      -against-                                 20-CV-5883 (CS)

MICHAEL BLOT (Sgt.), KAIE LAMANNA (Supt.),
CHAUNTEL ELMORE (Sgt.), FRANK POLITO (CO),
ELVIS RIOS (CO), EDWIN UZU (Dr.), TINA TOMAS
(Jane Doe), AND ERIC GUTTWEIN (Comm.).

                      Defendants
------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND ORDER

WHEREAS, document production herein includes confidential documents protected under state or federal law, and may include other documents that contain sensitive or highly sensitive information, including without limitation information which, if disclosed, could jeopardize institutional security;

NOW THEREFORE, it is hereby stipulated and agreed that:

1.     Definitions. The following terms shall have the following meanings:

    a.     "DOCCS" means the New York State Department of Corrections and Community Supervision.

    b.     "Confidential Information" means documents or other materials produced pursuant to this Order which any producing party believes (a) are confidential under state or federal law, or (b) contain sensitive information requiring protection from general or public disclosure.

    c.     "Highly Confidential Information" means any documents or other materials produced by the Defendant which, for institutional safety and security reasons, should not be disclosed to any person who is in DOCCS custody, in verbal or written form, including: (1) Maps and/or diagrams of DOCCS facilities; (2) DOCCS "D" Directives and any training materials based on "D" Directives; (3) records concerning weapons and chemical agents; and (4) fully unredacted Office

of Special Investigation ("OSI") records.[1]

2. Confidential and Highly Confidential Information shall not be disclosed, except to the extent provided in this Order.

3. The parties acknowledge that the production of Confidential or Highly Confidential Information pursuant to this Order shall not waive a party's right to withhold from production other material based on an assertion of any statutory or common-law privilege or waive any other party's right to contest any such assertion of privilege.

4. Nothing in this Stipulation and Order shall (1) be deemed to authorize or require the disclosure by Defendants of mental health or medical information concerning any person without that person's consent pursuant to applicable state or federal law, or by court order, or (2) be deemed a waiver to Plaintiff's right to seek such information.

5. All Confidential or Highly Confidential Information shall be stamped or otherwise designated by the party producing the information prior to such production.

6. If a party believes another party designated a document as Confidential or Highly Confidential that should not be treated as such, that party will promptly notify the producing party of their objection in writing. The parties will thereafter attempt to agree on the proper classification of the document. If the conflict cannot be resolved among counsel, the objecting party shall request the Court to remove the designation. Any such materials or information shall be treated by their initial designation, as marked by the producing party, until the parties resolve the conflict, or the Court issues its ruling regarding the conflict.

7. Inadvertent failure to designate a document as Confidential or Highly Confidential

---

[1] Any OSI records containing Highly Confidential Information shall be disclosed to Plaintiff's counsel as Confidential Information, with all Highly Confidential Information redacted therefrom. Fully unredacted OSI records will be treated as Highly Confidential.

2

may be corrected by supplemental written notice, and a supplemental production, each given as soon as practicable.

8. If the classification of a document changes, the producing party shall reproduce the document with stamping appropriate to its new status, without cost to the other party.

9. Access to Confidential and Highly Confidential Information produced pursuant to this Order shall be limited to:

    a. the parties, except that Highly Confidential Information may not be disclosed to any incarcerated individual, in either verbal or written form;

    b. respective counsel, and their employees, who have direct functional responsibility for the preparation or trial of this action, any appeal, or any proceeding to enforce any order of the Court;

    c. expert witnesses and expert consultants;

    d. witnesses and potential witnesses, except that Highly Confidential Information may not be disclosed to any incarcerated individual, in either verbal or written form;

    e. court reporters, to the extent deemed necessary for the conduct of this litigation by the respective counsel for plaintiff or defendants;

    f. any witness or individual who has already seen said material or has participated in the creation of said material; and

    g. the Court.

10. Disclosure of Confidential or Highly Confidential Information to persons identified in sub-paragraphs 8(c), 8(d), and 8(e) above shall be limited to that information necessary in light of the purpose of such disclosure.

9. Any person who is given access to Confidential or Highly Confidential Information produced pursuant to this Order shall be advised of and become subject to the provisions of this Order. Any person, with the exception of those identified in paragraph 8(a), 8(b), and 8(g) of this Order, in order to receive Confidential or Highly Confidential Information shall, prior thereto, be

provided with a copy of this Order and shall execute the annexed Certification.

10. Confidential and Highly Confidential Information produced pursuant to the terms of this Order shall be used solely for the purposes of this action and solely to the extent necessary for the litigation of this action.

11. No person receiving Confidential or Highly Confidential Information pursuant to this Order shall disclose or discuss such Information in any manner or form, written or oral, to or with any person who is not entitled to receive such information pursuant to this Order.

12. <u>Use in Briefs or as Exhibits to Affidavits, etc.</u>. In the event that counsel for any party determines in connection with any motion, pre-trial, or post-trial proceeding to file in the Court any materials that consist of, in whole or part, Confidential or Highly Confidential Information produced pursuant to this Order, including deposition transcripts, such materials shall either be (1) filed under seal pursuant to Section 6 of the ECF Rules & Instructions for the Southern District of New York and the Individual Rules of the Court; or (2) filed in a sealed envelope containing the caption of this action with a statement substantially similar to the following:

> This envelope contains documents or information subject to the confidentiality provisions of the Order dated _____, 2023 governing the use of confidential discovery materials. This envelope shall not be opened nor the contents displayed or revealed, other than to the Court, except by Order of the Court.

13. <u>Use of Confidential or Highly Confidential Information at Trial.</u> The designation of any documents as Confidential or Highly Confidential pursuant to this Stipulation shall not, in and of itself, raise any inference as to the confidentiality of any information or documents marked for identification purposes or introduced in evidence at the trial of this action. Subject to the rules of evidence, Confidential or Highly Confidential Information may be offered at trial or any Court hearing, provided that, except with respect to impeachment evidence, the proponent of the

evidence shall include in its proposed pretrial order written notice of each such Confidential or Highly Confidential item to be offered at trial and, in the event no pretrial order is required by the Court, the proponent shall give the other parties not less than 30 days prior written notice in advance of trial. Any party may apply to the Court for an order that the evidence be received in camera or under other conditions to determine what protection, if any, may be afforded to such information at trial. The failure timely to provide notice shall not prevent a party from requesting to use Confidential or Highly Confidential information at trial if good cause is shown to exist. Subject to the provision above, any party may designate any deposition; or portion thereof, Confidential or Highly Confidential.

14. Nothing herein shall bar an individual from consenting to the disclosure of information regarding himself or herself, subject to the normal constraints of applicable law.

15. At the conclusion of this action, subject to exhaustion of any appeals, respective counsel shall destroy or return to the producing party all copies of any Highly Confidential Information, except that Plaintiff's counsel may retain: (1) attorney work product that refers or related to Highly Confidential Information; and (2) copies of all documents filed with the court, including those items filed under seal. Any Highly Confidential Information retained by Plaintiff's counsel under this provision will remain subject to this Confidentiality Stipulation & Order.

16. The Court retains discretion, after hearing from the parties, whether to afford confidential treatment to any document or information submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

Dated: June 23, 2023
New York, New York

RICKNER PLLC

BY: _____
Stephanie Panousieris
14 Wall Street Suite 1603
New York, New York 10005
(212) 300-6506
New York, New York 10017

LETITIA JAMES
Attorney General of the State of New York
BY: _____
Rachel Zaffrann
Deputy Assistant Attorney General
New York Attorney General's Office
44 S. Broadway, 5th Floor
White Plains, NY 10601

SO ORDERED, this __23rd__ day of __June__, 2023

_____
The Honorable Cathy Seibel
United States District Judge

6

## CERTIFICATION

I certify my understanding that Confidential Information and/or Highly Confidential Information is being provided to me, as such terms are defined in, and pursuant to pursuant to the terms and restrictions of the Stipulation and Protective Order, dated _____, 2023 in the case entitled *Girard v. Gutwein et al.*, 20-CV-5883, brought in the Federal District Court for the Southern District of New York. I further certify that I have read the Order and agreed to be bound by it.

I understand that all provisions of the Order restricting the communication or use of Confidential Information and Highly Confidential Information, including but not limited to any notes or other transcripts made therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____, 202__

_____
NAME

_____
SIGNATURE