# Rickner PLLC

Stephanie Panousieris | stephanie@ricknerpllc.com

August 7, 2023

**Via ECF**
The Honorable Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

*The fact discovery deadline of 08/11/2023 is stayed for the purpose of resolving the outstanding issues raised in Plaintiff's 08/07/2023 letter. In-person Discovery Conference set for 08/21/2023 at 11:30 a.m. Defendants shall respond to Plaintiff's letter no later than 08/14/2023.*

SO ORDERED.   8/8/23

*Cathy Seibel*
CATHY SEIBEL, U.S.D.J.

Re: *Girard v. Gutwein et al.*, 20 cv 05883

Your Honor:

This office represents Plaintiff Chauncey Girard in the above-captioned matter and writes to respectfully request this Court compel Defendants to produce two discrete items of discovery which remain absent from Defendants' disclosures in this action. The deadline for fact discovery is set to expire on Friday, August 11, 2023. The last production by Defendants was made to Plaintiff's counsel on August 3, 2023, and the parties conferred, by phone and letter, on the remaining disputes that same day. *See* Ex. A (deficiency letter dated August 3, 2023).

## OUTSTANDING DISCOVERY

**Recording of Plaintiff's Disciplinary Hearing.** Plaintiff demanded the original recording of his disciplinary action at issue in this litigation, during which Defendants Polito and Elmore testified against Plaintiff. In their Initial Disclosures, Defendants provided a "transcript"—two unsigned, unverified word documents with significant errors and omissions. Counsel's review of the metadata of these word documents demonstrates that the "transcript" was created approximately six months after Plaintiff's disciplinary hearing by an individual named "Aric S. Forrester":

 

212-300-6506 | 14 WALL STREET, SUITE 1603 NEW YORK, NY 10005 | RICKNERPLLC.COM

1

Rickner PLLC

But during his June 14 deposition, Defendant Gutwein testified that he personally created a recording of Plaintiff's hearing and turned it over to the records department. In response, Plaintiff served a supplementary discovery demand the next day, again seeking the hearing tape. On August 3, 2023, just six business days before discovery closes, Defendants responded that "no such audio files exist," and directed Plaintiff to the word document "transcript" provided with their initial disclosures. Plaintiff raised this in the parties' August 3 meet and confer, as the unsigned, unverified word documents are clearly insufficient. Counsel for Defendants represented that she would inquire about the tape's destruction or deletion, but provided no date certain by which she would obtain this information from DOCCS.

Given the limited time left in discovery and Defendants' belated admission that the hearing tape no longer exists, Plaintiff respectfully requests that the Court order Defendants to either produce the audio recording itself or, if it no longer exists, provide an affidavit from the proper individual(s) detailing: (1) DOCCS' standard policy and time frame for preserving disciplinary hearing recordings in place in July 2018; (2) the date upon which Plaintiff's hearing tape was deleted or destroyed; and (3) the name of the person(s) who carried out that deletion.

**Interrogatories.** At the May 19 discovery conference, the Court ordered, in sum and substance, that Plaintiff review the outstanding paper discovery prior to seeking additional information from the Interrogatory responses. Defendants have represented that their productions are complete; but the information sought by Interrogatories 3 and 4 remains undiscovered. Ex. B (Interrogatories).

Interrogatory 3 asks Defendants to provide the identities of DOCCS medical staff who treated or provided medical care to Plaintiff after the assault. *Id*. Defendants objected, stating that an answer would be provided upon execution of a HIPAA release. Plaintiff provided this release in March. Since that time, he has been unable to independently verify each medical provider's name through his DOCCS records, many of which are handwritten and illegible. Plaintiff therefore requires a response to this Interrogatory, consistent with Defendants' ongoing Rule 26 obligations, as these individuals have direct knowledge of Plaintiff's injuries arising from this incident.

Interrogatory 5 sought to identify any cases in which any Defendant has testified under oath, either in a deposition or at trial. During Defendant Blot's June 13 deposition, he disclosed prior testimony at a civil trial, in his capacity as a corrections officer, and stated that he has given several depositions. Plaintiff seeks the name of the civil matter(s) in which the officer testified.

Finally, Plaintiff has requested Interrogatory Verifications from Defendants for several months. When raised again during the parties' latest conferral, Defense counsel stated that no such verifications were necessary based on the Court's May 19 order denying Plaintiff's request for amended interrogatory responses prior to the completion of paper discovery. Plaintiff therefore requests that the Court order Defendants to amend their responses to Interrogatories 3 and 4 and verify all of their interrogatory answers pursuant to Federal Rule 33(a)(3).

### REQUESTED RELIEF

Given the short time left in discovery and the fact that the undersigned will be out-of-office on vacation from August 8–15, Plaintiff makes this application having not yet received a response to the follow-up letter sent to Defendants' counsel on August 3, 2023. *See* Ex. A; *see also* Court's

Rickner PLLC

Individual Rules, 2.A ("A party need not comply with the premotion conference requirement where it reasonably believes that delay in filing might result in the loss of a right.").

If these two discrete issues are resolved on the papers by the Court, Plaintiff does not anticipate needing additional time in discovery. However, undersigned counsel will be out of the state until August 15, and will be unavailable to attend any in-person conference during that time. Thus, if a conference is necessary to resolve these remaining issues, Plaintiff respectfully requests it take place remotely and/or be scheduled after August 15, and further requests that the discovery deadline be stayed until these final issues are resolved by the Court.

We thank the Court for its consideration of this request.

Respectfully,

Stephanie Panousieris
*Attorney for Plaintiff*

# Rickner PLLC

Stephanie Panousieris | stephanie@ricknerpllc.com

August 3, 2023

**Via Email: Rachel.zaffrann@ag.ny.gov**
AAG Rachel Zaffrann
44 South Broadway, 5th Floor
White Plains, NY 10601

Re:   Discovery Deficiencies, *Girard v. Gutwein,* Case No. 20 cv 5883

Ms. Zaffrann,

Plaintiff writes to follow up on our conversation today, August 3, 2023, regarding outstanding discovery deficiencies in the above-captioned matter. Please provide Defendants' position to each remaining area of discovery addressed below as soon as possible to allow the parties time to approach the Court for resolution of any disputes prior to the close of discovery.

## OUTSTANDING DISCOVERY

**Doc. Request 8:** At the May 19 conference, the Court ordered Defendants to produce complaints for Polito, Rios, Elmore, and Blot, and ordered that "the custodian of records shall accompany the results with an affidavit describing where such records might be found, what was done to look for them, describing all the places where such records might be found, what was done to look for them, and what the results were." *See* Transcript at 4:11–16. These affidavits were uploaded to the docket on July 26, 2023, but do not include the items ordered by the Court. For example:

1. The Stanaway Affidavit (Doc. 106-1) is conclusory and does not include the information ordered by the Court. It merely states that the affiant received a request to "search for certain grievances" and reviewed "the list," ultimately identifying 10 grievances. The affidavit fails to include the location(s) where responsive materials could be or were ultimately found; the specific efforts taken to search for them, including if the search was manual or electronic; or what search terminologies or parameters were used to locate the records identified in paragraph 3 of the affidavit.

2. The Seguin Affidavit (Doc. 106-2) specifically states that the affiant was asked to identify "any and all grievances filed by incarcerated individuals who was filed lawsuits against Defendants in this action." As with the Stanaway Affidavit, the Seguin Affidavit fails to include information about the locations where responsive records are maintained; what the manual or electronic search entailed; or what the results were. The affiant also describes a separate system—"Code 49–Staff Conduct complaints," but does not describe any search of that database, which may contain additional items responsive to Demands 8 and 9.

**Doc. Request 9:** Today during our meet and confer, I inquired if the search for disciplinary records encompassed a search for both substantiated and unsubstantiated allegations (as the demand requested); in response, you stated that you gave the demand to DOCCS as worded, that they represented there were no responsive materials, and that Plaintiff had an opportunity to depose the officers (who maintained that they have never received any discipline from DOCCS). But neither

Rickner PLLC

of these answers address the outstanding issue of whether an adequate search was conducted for records *regardless of final disposition of the disciplinary inquiry*. In short, Plaintiff requested records demonstrating any allegations against the officers contained within their disciplinary files (as limited by the Court's May 19 order), not just those instances where their conduct resulted in disciplinary action. To resolve this gap in the record, please provide an affidavit similar to the ones described above. Undersigned counsel understood the Court to have ordered the above-described affidavits to include information describing the search for disciplinary records, but if the parties disagree about the scope of the Court's May 19 order, Plaintiff can request clarification by letter to the Court.

**Pl's Fourth Set of Demands:** The hearing officer testified that he personally recorded the disciplinary hearing at issue in this demand. Given that Defendants now represent the audio does not exist, Plaintiff requests that Defendants provide an affidavit from the custodian of records demonstrating when the recordings were deleted, destroyed, or recorded over.

**Interrogatory Responses & Verifications:** At the May 19 conference, Plaintiff agreed to review paper discovery before revisiting the deficiencies present in Defendants' Interrogatory Responses in hopes that the need for further inquiry would be eliminated by the production(s). *See* Transcript at 30:19–25. However, many of the areas of inquiry in the Interrogatories remain unresolved, and thus must be revisited and amended to conform with the Federal Rules. These include:

1. Interrogatory 3: The objection stated that the information would be provided upon execution of a HIPAA release. Defendants have been in possession of this release since at least the first week of March. Plaintiff cannot discover this information independently from the records alone, as many of the DOCCS medical records are handwritten, and the names and/or signatures of the medical staff are largely illegible. Given that these individuals have information that may be relevant at trial, they must be identified pursuant to Defendants' ongoing Rule 26 obligations. Please amend this response accordingly.

2. Interrogatory 4: Defendant Blot testified in his deposition that he gave prior trial testimony in at least one case in which he was a Defendant. Please confirm if this testimony was made in the *Sims* matter or provide the name of the lawsuit in which Blot testified. Further, Blot stated that he has given several depositions. Please provide the name of the actions in which Blot was deposed (to the extent such actions are related to his employment with DOCCS).

Finally, no defendant has provided a verification for any of the Interrogatories in this matter, as noted in Plaintiff's June 15, 2023 Deficiency letter. Please have Defendants review the responses and verify them pursuant to Fed. R. Civ. P. 33(b)(5).

Thank you for your prompt attention to these matters.

Respectfully,

Stephanie Panousieris
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHAUNCEY GIRARD,

                        Plaintiff,

-against-

MICHAEL BLOT (SGT.), KAIE LAMANNA (SUPT.), CHAUNTEL ELMORE (SGT.), FRANK POLITO (CO), ELVIS RIOS (CO), EDWIN UZU (DR.), TINA TOMAS (JANE DOE), AND ERIC GUTTWEIN (COMM.),

                        Defendants.

Case No. 20-cv-5883

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

PLEASE TAKE NOTICE THAT, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and Rule 26.3 of the Local Rules of the United States District Court for the Eastern District of New York (the "Local Rules"), Plaintiff Paul Sciacchitano, by his attorney at Rickner PLLC, hereby requests that Defendant Officer Eric Pena ("Officer Pena"), answer under oath the following written interrogatories, separately and fully in writing, within thirty (30) days after the date of service. Your answers should include all information known up to the date you serve your responses.

## DEFINITIONS

Plaintiffs hereby incorporate the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

    1.    <u>Plaintiff</u>: The term "Plaintiff" refers to Chauncey Girard.

1

2. <u>Defendants</u>: The term "Defendant" means C.O. Frank Polito, C.O. Tina Tomas, Sgt. Chauntel Elmore, C.O. Evis Rios, and Sgt. Michel Blotthe.

## INSTRUCTIONS

1. Each interrogatory, and each subpart thereof, should be accorded a separate answer. Each answer should first set forth verbatim the interrogatory to which it is responsive. Interrogatories or subparts thereof should not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

2. Responses to requests to identify documents and persons shall be made in accordance with Rules 26.3(c)(3) and 26.3(c)(4) of the Local Rules.

3. Whenever in response to these interrogatories there is identified a natural person, provide all the information set forth in Local Rule 26.3(c)(3) regarding that person.

4. Whenever in response to these interrogatories there is identified a firm, partnership, corporation, other association, or a division, department, or unit thereof, set forth (i) the full name of that entity and (ii) its principal business address and telephone number.

5. Whenever in response to these interrogatories there is identified a document, provide all the information set forth in Local Rule 26.3(c)(4).

6. Whenever in these interrogatories the information requested is contained in or may otherwise be derived or ascertained from a document, you may (i) identify the

document(s) from which the answer may be derived or ascertained; or (ii) produce the document(s) for inspection and copying or deliver a copy of the document(s) to the undersigned at the time the answers thereto are filed, but nothing herein shall constitute a waiver of Defendant's right to call for the production of documents not so identified, produced or delivered.

7. Whenever in the interrogatories the information requested is not readily available in the form requested but is available, or can more easily be made available, in a different form, you may make the information available in such different form provided that the information requested is readily intelligible from the form made available by you.

8. Pursuant to Fed. R. Civ. P. 26(e)(1)(A), you are under a continuing duty to supplement and to correct your disclosures if you discover that in some material respect the information disclosed is incomplete or incorrect.

9. If you refuse to respond to any interrogatory, or any subpart thereof, on the ground of privilege, you must provide the information specified in Local Rule 26.2.

10. In responding to the Interrogatories, you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

## INTERROGATORIES

1. Identify the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Defendant may use to support his claims or defenses, including witnesses with testimony that would be used solely for impeachment.

2. Identify anyone who as any knowledge of any of the facts alleged in the Complaint, First Amended Complaint, and Second Amended Complaint in this Action.

3. Identify anyone employed by the New York State Department of Correction and Community Supervision who provided medical care or other services to Plaintiff for his injuries arising from the injuries alleged in the Complaint, First Amended Complaint, and Second Amended Complaint.

4. Identify every instance where any of the Defendants have been disciplined.

5. Identify every civil case where any of the Defendants have testified, either at a deposition, hearing, or trial.

6. Identify every civil case where any of the Defendants have been Defendants.

7. For each person you believe may have been a witness to the facts alleged in the Complaint, First Amended Complaint, and Second Amended Complaint in this Action, state (a) the name of the individual(s); and (b) the address and phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness.

8. For each person you believe may have provided an oral or written statement about the facts alleged in the Complaint, First Amended Complaint, and Second Amended Complaint in this Action, please state (a) the name of the individual(s); and (b) the address and phone number of the individual(s). If you are unable to provide

any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness.

Dated: New York, New York
      August 25, 2022

Rickner PLLC

By: /s/

Rob Rickner
Stephanie Panousieris

14 Wall Street Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorneys for Plaintiff*

TO:

Rachel Zaffrann
Deputy Assistant Attorney General
44 South Broadway, 5th Floor
White Plains, NY 10601
*Attorneys for Defendants*