UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHAUCEY GIRARD,

                          Plaintiff,

     -against-                                   20-CV-5883 (CS)

MICHAEL BLOT (Sgt.), KAIE LAMANNA (Supt.),
CHAUNTEL ELMORE (Sgt.), FRANK POLITO (CO),
ELVIS RIOS (CO), EDWIN UZU (Dr.), TINA TOMAS
(Jane Doe), AND ERIC GUTTWEIN (Comm.).

                          Defendants
----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

                                             LETITIA JAMES
                                             Attorney General of the State of New York
                                             <u>Attorney for Defendants</u>
                                             44 South Broadway
                                             White Plains, New York 10601
                                             (914) 416-8845

Rachel Zaffrann
Deputy Assistant Attorney General
*Of Counsel*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

    I.    DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE OF PLAINTIFF'S CRIMINAL CONVICTIONS ...................................................... 1

    II.    PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE OR TESTIMONY RELATED TO PRIOR GRIEVANCE, COMPLAINTS or LAWSUITS BROUGHT AGAINST DEFENDANTS ....... 3

    III.    PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF INJURIES, IN THE ABSENCE OF EXPERT TESTIMONY, THAT ANY PURPORTED INJURIES WERE CAUSED BY DEFENDANTS' ALLEGED USE OF FORCE ....................................................................................................... 5

    IV.    PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCETO DEFENDANTS BEING INDEMNIFIED OR POTENTIALLY INDEMNIFIED BY THE STATE IN CONNECTION WITH ANY JUDGMENT IN THIS ACTION ............................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ames v. Stevens*,
   No. 12-CV-1487, 2015 WL 5513021 (N.D.N.Y. Sep. 17, 2015).................................................. 3

*Barnes v. Anderson*,
   202 F.3d 150 (2d Cir. 1999) ........................................................................................................ 5, 6

*Beastie Boys v. Monster Energy Co.*,
   983 F. Supp. 2d 369 (S.D.N.Y. 2014) ............................................................................................ 4

*Berkovich v. Hicks*,
   922 F.2d 1018 (2d Cir. 1991) ......................................................................................................... 4

*Bryant v. Serebrenik*,
   No. 15 Civ. 3762, 2017 WL 713897 (E.D.N.Y. Feb. 23, 2017) .................................................... 4

*Campbell v. Greer*,
   831 F.2d 700 (7th Cir. 1987) .......................................................................................................... 2

*Daniels v. Loizzo*,
   986 F. Supp. 245 (S.D.N.Y. 1997) ................................................................................................ 3

*ESPN, Inc. v. Office of Comm'r of Baseball*,
   76 F. Supp. 2d 383 (S.D.N.Y. 1999) ............................................................................................. 4

*Gordon v. State*,
   383 F.2d 936 (1st Cir. 1967) .......................................................................................................... 2

*Gyllenhammer v. Am. Nat'l Red Cross*,
   No. 15 Civ. 1143, 2018 WL 8753658 (N.D.N.Y. Apr. 9, 2018) .................................................... 6

*Harvey v. Farber*,
   No. 9-CV-152, 2013 WL 773683 (N.D.N.Y. Feb. 28, 2013)......................................................... 2

*Hemi Group, LLC v. City of New York*,
   559 U.S. 1 (2010) ........................................................................................................................... 5

*Jean-Laurent v. Hennessy*,
   840 F.Supp. 2d 529 (E.D.N.Y. 2011) ............................................................................................ 7

*King County v. IKB Deutsche Industriebank AG*,
   708 F. Supp. 2d 334 (S.D.N.Y. 2010) ........................................................................................... 5

*Laureano v. City of New York*,
   No. 17 Civ. 181, 2021 WL 3272002 (S.D.N.Y. July 30, 2021) ..................................................... 3

*Lewis v. Velez*,
    149 F.R.D. 474 (S.D.N.Y. 1993) .................................................................................................. 3

*Nunez v. Diedrick*,
    No. 14-CV-4182, 2017 WL 4350572 (S.D.N.Y. June 12, 2017) ................................................ 7

*R.F.M.A.S., Inc. v. So*,
    748 F. Supp. 2d 244 (S.D.N.Y. 2010) ........................................................................................ 6

*Richmond v. Gen. Nutrition Centers Inc.*,
    No. 08 CIV. 3577, 2012 WL 762307 (S.D.N.Y. Mar. 9, 2012) .................................................. 4

*Townes v. City of New York*,
    176 F.3d 138 (2d Cir. 1999) ....................................................................................................... 5

*U.S. v. Estrada*,
    430 F.3d 606 (2d Cir. 2005) ....................................................................................................... 2

*United States v. Aboumoussallem*,
    726 F.2d 906 (2d Cir. 1984) ....................................................................................................... 4

*United States v. Al Kassar*,
    582 F. Supp. 2d 498 (S.D.N.Y. 2008), *aff'd*, 660 F.3d 108 (2d Cir. 2011) ............................... 4

*United States v. Pedroza*,
    750 F.2d 187 (2d Cir. 1984) ....................................................................................................... 2

*Williams v. McCarthy*,
    No. 05-CV-10230, 2007 WL 3125314 (S.D.N.Y. Oct. 24, 2007) .............................................. 7

*Wills v. Amerada Hess Corp.*,
    379 F.3d 32 (2d Cir. 2004) ......................................................................................................... 6

**RULES**

Fed. R. Evid. 609 ................................................................................................................................ 1

Fed. R. Evid. 609(a)(1) .................................................................................................................. 1, 2

Fed. R. Evid. 609(a)(2) .................................................................................................................... 2

Fed. R. Evid. 702 .............................................................................................................................. 6

Federal Rule of Evidence 404(b) ...................................................................................................... 4

Rule 609(b)'s .................................................................................................................................... 3

Rule 802 ............................................................................................................................................ 4

**PRELIMINARY STATEMENT**

Defendants Frank Polito, Chauntel Elmore, Elvis Rios, and Michael Blot submit this memorandum of law in support of their motion in limine.

Plaintiff claims that on July 31, 2018, Defendant Polito sexually assaulted Plaintiff during a pat frisk. Plaintiff claims that Defendants Polito and Rios then physically assaulted him while escorting Plaintiff to the facility infirmary. Plaintiff further claims that Defendant Elmore failed to intervene to protect Plaintiff from both the sexual and physical assaults. Plaintiff further claims that Defendant Blot arrived during the physical assault and continued to assault Plaintiff on the way to the facility infirmary.

Defendants respectfully seek an order: 1) to preclude evidence related to prior lawsuits brought against the Defendants 2) to permit Defendants to introduce evidence of Plaintiff's subsequent disciplinary action in which he was found guilty of refusing staff direction and assaulting staff; 3) to exclude evidence regarding any injury Plaintiff claims to have suffered as a result of Defendants' alleged conduct, other than injuries documented on the day of the incident; 4) to exclude evidence regarding any post-traumatic stress disorder Plaintiff claims to have suffered as a result of Defendants' alleged conduct 4) to permit Defendants to cross-examine Plaintiff regarding his underlying criminal conviction.

I. **DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE OF PLAINTIFF'S CRIMINAL CONVICTIONS**

Plaintiff's conviction of Burglary is admissible under Fed. R. Evid. 609 to impeach the Plaintiff's character for truthfulness.

Pursuant to Fed. R. Evid. 609(a)(1), the Court has discretion to admit evidence of any witness's prior conviction(s) if the subject crime was punishable by death or imprisonment in excess

1

of one year and the court determines that the probative value of admission is not substantially outweighed by prejudice to the witness. *See* Fed. R. Evid. 609(a)(1); *United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984). Under Fed. R. Evid. 609(a)(2), however, evidence of convictions for crimes involving dishonesty "shall be admitted" as being per se probative of credibility. *See U.S. v. Estrada*, 430 F.3d 606, 615-16 (2d Cir. 2005).

Further, the Second Circuit has held that all felonies are probative of a witness's propensity to testify truthfully. *See U.S. v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). Crimes requiring planning or preparation implicate veracity, because planning indicates deliberate and injurious violation of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim. *See id.*; *Gordon v. State*, 383 F.2d 936, 940 (1st Cir. 1967) ("[W]e must look to the legitimate purpose of impeachment which is, of course, not to show that the accused who takes the stand is a 'bad' person but rather to show background facts which bear directly on whether jurors ought to believe him rather than other and conflicting witnesses. In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity."); *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) (in civil cases, the "[c]rime must be named" or the jury cannot properly evaluate credibility).

Overall, under Fed. R. Evid. 609(a)(1), balancing probative value against prejudicial effect requires the Court to examine the following factors: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Harvey v. Farber*, No. 9-CV-152, 2013 WL 773683, at *2 (N.D.N.Y. Feb. 28, 2013) (*quoting Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).

In assessing prejudicial effect, district courts have found that "where the jury knows that a witness is a convicted felon, admission of prior crimes may cause relatively little additional

2

prejudice." *See Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993). Furthermore, the United States District Court, Northern District of New York, has held that for effective impeachment, the statutory name of the offense, date of the conviction, and sentence are all permissible at trial. *Ames v. Stevens*, No. 12-CV-1487, 2015 WL 5513021, at *4 (N.D.N.Y. Sep. 17, 2015).

Plaintiff's conviction for burglary is probative because it tends to demonstrate a lack of honesty. *Laureano v. City of New York*, No. 17 Civ. 181, 2021 WL 3272002, *9 (S.D.N.Y. July 30, 2021) ("[C]onvictions for burglary and robbery are 'quite probative of veracity' because 'theft crimes, and other crimes involving stealth, ... bear on a witness's propensity to testify truthfully'"). Additionally, the conviction falls squarely within the ambit of Rule 609(b)'s timing requirement; thus, the second factor is satisfied. The third prong, the similarity between the past crime and the conduct at issue, weighs in favor of introducing the conviction. The conviction for burglary is clearly distinct from the excessive force claims in this case. *See Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (holding that it is not improper to admit convictions for past felonies where conduct in those crimes was not similar to conduct at issue). The fourth prong, credibility of the witness, also weighs in favor of introducing the conviction. The credibility of the Plaintiff is critically important in this case because the Plaintiff and the Defendants have very different versions of the events at issue. *Daniels*, 986 F. Supp. at 251. Accordingly, Defendants should be permitted to introduce evidence of Plaintiff's conviction of Burglary

### II. PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE OR TESTIMONY RELATED TO PRIOR GRIEVANCE, COMPLAINTS or LAWSUITS BROUGHT AGAINST DEFENDANTS

Evidence of prior lawsuits, grievances or complaints brought against Defendants is irrelevant, inadmissible hearsay, and improper character evidence whose probative value is outweighed by their prejudice. Foremost, any complaints and grievances themselves, if produced at trial or referred to

constitute inadmissible hearsay under Rule 802 and should be precluded for that reason alone. *See Bryant v. Serebreni*k, No. 15 Civ. 3762, 2017 WL 713897, at *3 (E.D.N.Y. Feb. 23, 2017) (documentation regarding prior lawsuits against law enforcement officers is inadmissible hearsay under Rule 802); *see also Richmond v. Gen. Nutrition Centers Inc.,* No. 08 CIV. 3577, 2012 WL 762307, at *9 (S.D.N.Y. Mar. 9, 2012) (excluding court filings from other cases based on Fed. E. Evid. 801, 802, and 403).

Further, the introduction of such evidence as a tactic to show that Defendants had a propensity to commit the wrongful acts alleged in those grievances is impermissible under Federal Rule of Evidence 404(b). *Berkovich v. Hicks*, 922 F.2d 1018, 1022-1023 (2d Cir. 1991). The introduction of such evidence would cause undue prejudice to Defendants and confuse the jury. Introduction of these grievances will result in a "trial within a trial" insofar as Defendants would have a right to rebut each incident by submitting evidence regarding the veracity of the claim, the circumstances of the alleged incident (if it occurred), the resolution to any inquiry into the incident, and any other circumstances relevant to each incident.

Such trials within a trial are strongly disfavored as causing needless delay and confusion to the jury. *See Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 369, 375-376 (S.D.N.Y. 2014); *see also United States v. Aboumoussallem*, 726 F.2d 906, 912-913 (2d Cir. 1984) (upholding exclusion of testimony to avoid "trial within a trial"); *United States v. Al Kassar*, 582 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) ("[T]he situations are not, on their face, analogous, and it would require a trial within a trial before the jury could determine whether there was any meaningful analogy at all."), *aff'd*, 660 F.3d 108, 123-124 (2d Cir. 2011); *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 407 (S.D.N.Y. 1999) ("The probative value of such an exercise is vastly outweighed by the confusion and delay that would inevitably result from conducting a trial within a trial.").

### III. PLAINTIFF SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE OF INJURIES, IN THE ABSENCE OF EXPERT TESTIMONY, THAT ANY PURPORTED INJURIES WERE CAUSED BY DEFENDANTS' ALLEGED USE OF FORCE

Plaintiff claims to have suffered various injuries as a result of the incidents at question in this lawsuit. Plaintiff, to date, has proffered no expert witness to support this position, and discovery in this case has ended. Because Plaintiff cannot show that any alleged injuries beyond those documented on the date of the incident were caused by Defendants' alleged use of excessive force, he should be barred from making this argument at trial.

Proximate cause is an essential element of Plaintiff's claim. "Civil actions brought under § 1983 are analogous to state common law tort actions, serving primarily the tort objective of compensation. A § 1983 action, like its state tort analogs, employs the principle of proximate causation." *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999). "Central to the notion of proximate cause is the idea that a person is not liable to all those who may have been injured by his conduct, but only to those with respect to whom his acts were 'a substantial factor in the sequence of responsible causation,'" and whose injury was 'reasonably foreseeable or anticipated as a natural consequence.'" *King County v. IKB Deutsche Industriebank AG*, 708 F. Supp. 2d 334, 338 (S.D.N.Y. 2010) (quotation omitted). Proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged. A link that is 'too remote,' 'purely contingent,' or 'indirect' is insufficient." *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010).

While Defendants do not oppose Plaintiff testifying as to injuries documented on the date of the incident, absent medical expert testimony he should not be permitted to testify or present evidence regarding any long-term injuries to his knee or back or argue that they were caused by the incident in question. Connecting such alleged long-term injuries to the alleged event in question would require medical expert testimony. *Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999) ("Expert

5

medical opinion evidence is usually required to show the cause of an injury or disease because the medical effect on the human system of the infliction of injuries is generally not within the sphere of the common knowledge of the lay person."); *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004) (internal citations omitted) ("Where, [] the nexus between the injury and the alleged cause would not be obvious to the lay juror, 'expert evidence is often required to establish the causal connection between the accident and some item of physical or mental injury.'" ).

If Plaintiff were permitted to make his own unprofessional medical assertions, they would be based solely on speculation because such knowledge and information does not "dwell within the common knowledge of a layperson," *Barnes*, 202 F.3d at 159 (citation omitted), and if presented during trial, may be misinterpreted by the jury as medical testimony.  Moreover, "[i]t is well settled that a causation opinion based solely on a temporal relationship is not derived from the scientific method and is therefore insufficient to satisfy the requirements of Fed. R. Evid. 702." *R.F.M.A.S., Inc. v. So,* 748 F. Supp. 2d 244, 272 (S.D.N.Y. 2010).  Accordingly, to the extent Plaintiff attempts to assert temporal proximity to establish causation, such testimony should be precluded.

Because Plaintiff cannot prove a causal connection between the incident and his alleged knee and back injuries, he should be precluded from testifying or introducing evidence regarding such injuries.  *See Gyllenhammer v. Am. Nat'l Red Cross,* No. 15 Civ. 1143, 2018 WL 8753658, at *1-2 (N.D.N.Y. Apr. 9, 2018).

### IV.     PLAINTIFF SHOULD BE PRECLUDED FROM MAKING ANY REFERENCETO DEFENDANTS BEING INDEMNIFIED OR POTENTIALLY INDEMNIFIED BY THE STATE IN CONNECTION WITH ANY JUDGMENT IN THIS ACTION

Whether or not Defendants in this case will or will not be indemnified is a determination that has not yet been made.  While it is possible that Defendants could be indemnified for a resulting judgment or portion of a judgment, a suggestion that the State would pay any judgment would be not only irrelevant, but also misleading and extremely prejudicial to the Defendants in this case.  *See*

*Jean-Laurent v. Hennessy*, 840 F.Supp. 2d 529, 550 (E.D.N.Y. 2011), *Williams v. McCarthy*, No. 05-CV-10230, 2007 WL 3125314, at *7 n.46 (S.D.N.Y. Oct. 24, 2007). This information would be especially prejudicial in the event that the jury is led to believe that they will be indemnified and awards a sum on that basis—only to have the State not indemnify the Defendants. All references to indemnification or potential for indemnification should be precluded. *See Nunez v. Diedrick*, No. 14-CV-4182, 2017 WL 4350572, at *2 (S.D.N.Y. June 12, 2017) ("the Court, like several other district judges in this Circuit, finds that references to the City's potential indemnification obligations would serve no probative value and potentially cause unwarranted prejudice").

DATED:   White Plains, New York
         January 22, 2024

                                    LETITA JAMES
                                    Attorney General of the State of New York
                                    *Attorney for Defendants*

                                    *Rachel Zaffrann*
                              By:   Rachel Zaffrann
                                    Deputy Assistant Attorney General in Charge
                                    44 South Broadway, 5th Floor
                                    White Plains, New York 10601
                                    (914) 422-8845